# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4941 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Baye vs. HBI Branded Apparel Enterprises LLC, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Defendants' motion to transfer venue [11] without prejudice with leave to refile by 2/24/12. The parties are given until 2/10/12 to conduct limited discovery in regard to any potential third-party action.

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

Before the Court is Defendants HBI Branded Apparel Enterprises LLC and Payless Store Shoe Source, Inc.'s motion to transfer pursuant to 28 U.S.C. § 1404(a) [11]. Out of convenience to the parties and witnesses, and in the interest of justice, Defendants ask the Court to transfer this case to the Eastern District of Michigan.

In their motion, Defendants state that they "reasonably anticipate the need for third-party discovery and a third-party action" against the owner or manager of the premises at which Plaintiff suffered her injury. Def. Mot. at 3, 11 ("the nature of a trip-and-fall accident means that it is not merely foreseeable, but likely, that a third-party action will follow against the premises owner/manager"). Defendants also point out that Plaintiff has not yet identified the third party or parties and that there is "no basis to suspect that" this Court will have personal jurisdiction over the potential third-party defendants. Def. Mot. at 11.

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a). Because the convenience of the parties and witnesses does not weigh heavily in favor of either Plaintiff or Defendants here, the "interest of justice" may be the decisive factor in the Court's ruling on Defendants' motion. See *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

One of the factors typically considered in the "interest of justice" analysis is whether there are two cases involving the same issues pending in two different jurisdictions. See *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at *4 (N.D. Ill. Dec. 11, 2007) (quoting *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960)) ("[Section] 1404(a) was designed to prevent the 'situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts.'"). Indeed, "related litigation should be transferred to a forum where consolidation is feasible." *Coffey*, 796 F.2d at 221.

**STATEMENT**

Here, the Court cannot appropriately weigh this factor until it knows whether Defendants plan to bring a third-party defendant or defendants into the case and, more importantly, whether this Court has jurisdiction over those defendants. While Plaintiff is correct that there is no third-party claim or related claim yet pending in any court, Defendants contend that they have not been able to fully assess whether a third-party action is warranted because Plaintiff has been holding back from Defendants the name(s) of the potential third party(ies). See Def. Reply at 13. Under the current circumstances of this case, Defendants' motion to transfer venue [11] is premature, so it is denied without prejudice with leave to refile by 2/24/12. The parties are given until 2/10/12 to conduct limited discovery in regard to any potential third-party action.