**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SULA BAYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-4941 |
| ) | |
| HBI BRANDED APPAREL ) | Judge Robert M. Dow, Jr. |
| ENTERPRISES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' refiled motion [19] to transfer Plaintiff's claims pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendants' motion [19] is granted. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Michigan.

**I.     Background**

On June 10, 2011, Plaintiff, an Illinois resident, filed a complaint against Defendants in the Circuit Court of Cook County, Illinois. The complaint alleges that on July 5, 2010, Plaintiff bought a pair of Champion[1] fitness shoes at a Payless store based on advertisements touting the shoes' health benefits. The store was later revealed to be located in Michigan. The next day, Plaintiff fell down a set of stairs in Detroit, Michigan, while wearing the shoes, severely injuring her leg and ankle. Plaintiff then returned to Chicago to treat her injuries. The complaint asserts claims of strict liability, negligence, breach of express and implied warranties, fraud, and violation of the Illinois Fraud and Deceptive Business Practices Act.

---

[1] Defendant HBI, a subsidiary of Hanesbrands, Inc., was incorrectly sued as "Champion."

1

On July 21, 2011, Defendants removed the complaint to federal court, asserting complete diversity pursuant to 28 U.S.C. § 1332. Defendants subsequently filed a motion to transfer to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The Court denied the motion as premature, giving Defendants time to conduct limited discovery regarding any potential third-party action.

Discovery subsequently revealed that Denise Adams, a Michigan resident, accompanied Plaintiff to the Payless store when she purchased the shoes. Plaintiff fell in the Adams family's Detroit residence. Creighton Adams and his two children came to Plaintiff's aid, at which point she made statements concerning her fall. After obtaining this information, Defendants refiled their motion to transfer.

## II. Legal Standards

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a); see *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). The moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The district court has the authority to "make whatever factual findings are necessary * * * for determining where venue properly lies." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

In evaluating § 1404(a) motions, the Court considers: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the interests of justice, and (5) the location of the material events giving rise to the case. See *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (listing the first four

2

statutory factors); see also *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, *2-3 (N.D. Ill. Sept. 18, 2009) (elaborating on sub-factors). The Seventh Circuit teaches that the specified statutory factors "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 219 n.3; see also *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (explaining that the broad discretion accorded the trial court is a product of the "in the interest of justice" language).

The first factor, plaintiff's choice of forum, typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003), unless none of the conduct occurred in that forum, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Regarding the second factor, convenience of the parties, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Examination of the third factor, convenience of the witnesses, emphasizes "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007).

> The fourth factor, interests of justice, captures several considerations, including:
>
> the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred.

*Igoe*, 220 F.2d at 303; see also *Nat'l Presto Indus.*, 347 F.3d at 664 (discussing the "subpoena range" of the district court). Courts also consider their familiarity with the applicable law and "the desirability of resolving controversies in their locale." *Rabbit Tanaka Corp. USA v. Paradise Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). And, as previously discussed,

the fifth factor, location of material events, becomes comparably more important when it differs from the first factor, plaintiff's choice of forum. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (citing *Igoe*, 220 F.2d at 304).

## III.  Analysis

As an initial matter, the parties agree that the Eastern District of Michigan and the Northern District of Illinois are both proper venues. See *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) ("§ 1404(a) * * * allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."). Therefore, the Court looks to the relevant factors described above to determine whether the case should be transferred.

The first factor, the plaintiff's choice of forum, is a point of contention between the parties. Plaintiff argues that her choice should be given significant weight because the facts do not militate in favor of an alternative forum. Defendants, however, counter that the Court need not defer to Plaintiff's selected forum because most of the material events occurred in Michigan. Thus, the first and fifth factors merge.

The Court agrees with Plaintiff that, if this were solely a personal injury action, Defendants' argument would easily carry the day because all of the events giving rise to her injury occurred in Michigan. But Plaintiff also alleges negligence and strict liability in the design and manufacture of the shoes, breach of warranties, and fraud. There is no evidence that the shoes were designed or manufactured in Michigan. Still, the only material events occurring in Illinois are Plaintiff's viewing of Defendants' advertising (available across the county) and Plaintiff's treatment. On balance, then, these factors weigh slightly in favor of transfer.

4

The second and third factors, the convenience of the parties and witnesses, also militates in favor of transfer. Previously, this Court indicated that these factors did not weigh heavily in favor of either party. However, the new information gathered in discovery demonstrates that there are four additional witnesses who reside in Michigan. These witnesses have first-hand knowledge of Plaintiff's purchase and injury, as well as intimate knowledge of the premises where Plaintiff fell. Plaintiff does not dispute that the Court will not have compulsory process over these witnesses. Thus, Defendants have bolstered their argument on the second and third factors.

The fourth factor, the interests of justice, is the primary issue. As previously explained, one of the elements typically considered in the "interest of justice" analysis is whether there are two cases involving the same issues pending in two different districts. See *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent."). Accordingly, the Court granted Defendants leave to refile their transfer motion after determining the likelihood of third-party action.

Defendants now indicate a desire to file a third-party complaint against Denise and Creighton Adams. Plaintiff does not dispute that the Court would lack personal jurisdiction over these individuals. Rather, Plaintiff discounts Defendants' argument because there is currently no related action pending. However, the Court did not mandate an immediate filing; as Plaintiff herself argues, such conduct may be improper before Defendants determine the viability of their claim. The Court also disagrees with Plaintiff that Defendants are required to rely on her assertion that the Adams property contained no defect. Defendants have shown that a third-party

5

action is likely and would result in related litigation in Michigan. This is sufficient to push the fourth factor in favor of transfer.

In sum, the additional information gleaned from discovery reveals the existence of four Michigan residents who will play a key role in the case, either as third parties or as witnesses. As a result, the relevant factors now clearly weigh in favor of transfer.

**IV.   Conclusion**

For the foregoing reasons, Defendants' motion [19] is granted, and this case is hereby transferred to the United States District Court for the Eastern District of Michigan.

Dated:  June 11, 2012        _____
                             Robert M. Dow, Jr.
                             United States District Judge